**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **EVANS MBAYA,**<br>c/o Cornerstone Law Firm<br>5821 NW 72nd Street<br>Kansas City, MO 64151<br><br>Plaintiff,<br><br>v.<br><br>**PEPSICO, INC.**<br>*Serve Registered Agent:*<br>CT Corporation System<br>112 SW 7th Street, Suite 3C<br>Topeka, KS 66603<br><br>and<br><br>**PEPSICO BEVERAGE SALES, LLC**<br>*Serve Registered Agent:*<br>CT Corporation System<br>112 SW 7th Street, Suite 3C<br>Topeka, KS 66603<br><br>Defendants. | ) | Case No. ___________ |

**COMPLAINT FOR DAMAGES**

Plaintiff Evans Mbaya ("Plaintiff"), by and through his attorneys, for his cause of action against Defendant PepsiCo, Inc. and Defendant PepsiCo Beverage Sales, LLC, states and alleges as follows:

**Introduction**

1. This is an employment case based upon and arising under the Americans with Disability Act as amended ("ADAAA"), 42 U.S.C. §§ 12101 *et seq*. and Kansas common law.

2. Because of Defendants' illegal treatment in terms, conditions, compensation, and privileges of his employment, Plaintiff has been damaged and seeks all remedies available to him.

## Parties and Jurisdiction

3. **Plaintiff Evans Mbaya** (hereinafter "Plaintiff") is a male citizen currently residing in Kansas City, Jackson County, Missouri.

4. **Defendant PepsiCo, Inc.** (hereinafter "Defendant" or "PepsiCo") is and was at all relevant times a for-profit corporation organized under the laws of the State of North Carolina.

5. At all relevant times, PepsiCo was registered and authorized to conduct business in the State of Kansas.

6. Plaintiff was an employee of PepsiCo within the meaning of the ADAAA.

7. Defendant is an employer within the meaning of the ADAAA.

8. At all relevant times, PepsiCo employed (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

9. **Defendant PepsiCo Beverage Sales, LLC** (hereinafter "Defendant" or "PepsiCo Beverage") is and was at all relevant times a for-profit corporation organized under the laws of Delaware.

10. At all relevant times, PepsiCo Beverage was registered and authorized to conduct business in the State of Kansas.

11. Plaintiff was an employee of PepsiCo Beverage within the meaning of the ADAAA.

12. Defendant is an employer within the meaning of the ADAAA.

13. At all relevant times, PepsiCo, Inc. and PepsiCo Beverage Sales, LLC (collectively "Defendants" or "PepsiCo") operated as a single enterprise with substantial interrelation

of operations, control over personnel practices, and/or centralized control of labor operations.

14. Defendants maintained an office located at 1775 E. Kansas City Rd., Olathe, KS 66061, where Plaintiff was formerly employed.

15. Defendants were joint and/or single employers with substantial interrelation of operations.

16. Defendants each had the power to hire and fire Plaintiff and other PepsiCo employees; supervised and controlled the work schedule and conditions of employment for Plaintiff and other PepsiCo employees; determined the rate and method of payment for Plaintiff and other PepsiCo employees; and maintained employment records for Plaintiff and other PepsiCo employees.

17. PepsiCo and PepsiCo Beverage, qualify as joint employers of Plaintiff and/or common enterprise during the time of Plaintiff's employment.

18. At all relevant times, Defendants employed fifteen (15) or more employees.

19. Defendants are an "employer" within the meaning of the ADAAA.

20. Defendants is an entity which acts through its agents, servants, and/or employees. It is liable for the conduct of its agents, servants, or employees acting within the course and scope of their agency; its own negligence; the acts of its agents, servants, or employees which it knowingly ratifies; any injuries incurred by agents', servants', or employees' performance of non-delegable duties; acts done by agents, servants, or employees for which the agency relationship allows or assists the individual to perform; and acts that its agents, servants, and/or employee take by virtue of their position with PepsiCo.

21. Jurisdiction is proper in the District of Kansas pursuant to 28 U.S.C. § 1331, as some or all of Plaintiff's claims arise under the laws of the United States.

22. This Court has personal jurisdiction because the Plaintiff worked for Defendants in the State of Kansas and Defendants conduct business within the Division.

23. Venue is proper in the District of Kansas 28 U.S.C. § 1391 because a substantial portion of the alleged discriminatory conduct occurred in this District, including Plaintiff's wrongful termination.

24. This Court has jurisdiction over the parties and subject matter of this action.

**Administrative Procedures**

25. On about November 4, 2025, Plaintiff timely filed with the Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination against PepsiCo alleging disability discrimination, failure to accommodate, and retaliation.

26. On or about May 13, 2026, the EEOC issued to Plaintiff a Notice of Right to Sue.

27. The aforesaid Charge of Discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties, and accordingly, the sweep of this judicial complaint may be and is as broad as the scope of an EEOC investigation, which could reasonably be expected to have grown out of the Charge of Discrimination.

28. This lawsuit is filed within ninety (90) days of the issuance of the Notice of Right to Sue by the EEOC.

29. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

30. This action is timely filed within the applicable statute of limitations.

**Additional Factual Allegations**

31. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

32. Plaintiff started work with Defendants in early 2022 through approximately June 2023; Plaintiff returned to work for Defendants as an order processor in November 2024.

33. On or about May 13, 2025, Plaintiff tripped over a pallet jack while working in the course and scope of his employment.

34. Plaintiff reported his injury to his supervisor immediately.

35. Despite reporting the incident the day it occurred, Defendants did not send him for medical treatment until May 20, approximately one week after the injury.

36. After Plaintiffs injury, he worked every eight-hour shift he was scheduled.

37. Defendants regularly assign mandatory overtime, but due to the pain and numbness Plaintiff was experiencing in his leg he could not work beyond his normal shift.

38. When Plaintiff went for a medical evaluation, the workers compensation doctor performed an x-ray of Plaintiffs leg but did not run any tests on his back.

39. After the appointment Plaintiff was placed on light duty restrictions; this included a recommendation to allow Plaintiff to spend 50% of his working time sitting and not to lift over 20 pounds.

40. Defendants did not cooperate with Plaintiffs work restrictions.

41. On or about May 28, 2025, the workers compensation doctor extended Plaintiffs work restrictions.

42. In early June 2025, Plaintiffs workers compensation restrictions were removed, even though he was still reporting severe pain and leaving his shifts early due to the pain.

43. On or about June 14, 2025, Plaintiff was terminated.

44. Plaintiff was told he was being terminated for not working.

45. However, between Plaintiff's injury and the date he was fired, Plaintiff only called into work to miss a full shift approximately two to three (2-3) times.

46. Plaintiff never "no call, no showed."

47. Every time Plaintiff called in, Plaintiff reported that he was missing because of his leg pain.

48. Plaintiff filed a grievance with his union, but Respondent denied his reinstatement.

**COUNT I**
**Violation under 42 U.S.C. §§ 12101 *et seq*.**
**ADAAA Disability Discrimination**
**TERMINATION**

49. Plaintiff re-alleges and incorporates herein by reference as though fully set forth herein, all of the above numbered paragraphs.

50. At all relevant times, Plaintiff was a member of a protected class pursuant to the ADAAA because he has disabilities as defined by the ADAAA and/or because Plaintiff was regarded as having disabilities as defined by the ADAAA and/or Plaintiff had a record of said disabilities.

51. Specifically, Plaintiff's persistent leg pain and radiculopathy is a physical impairment that substantially limits one or more of Plaintiff's major life activities and/or major bodily functions.

52. At all times relevant, Plaintiff was a qualified individual pursuant to the ADAAA because he could perform the essential functions of his job with or without reasonable accommodation.

53. During Plaintiff's employment, Defendants subjected him to adverse employment actions, including but not limited to, treating Plaintiff less favorably than his non-disabled coworkers and ultimately, terminating Plaintiff's employment altogether.

54. In terminating Plaintiff's employment, Defendants subjected Plaintiff to an adverse employment action.

55. Plaintiff's disabilities, record of said disabilities, add/or perceived disabilities, were at least a motivating in the above-referenced adverse employment actions, including Defendants' decision to terminate Plaintiff.

56. As mentioned herein, the above-described perpetrators were agents, servants and employees of Defendants, and were at all such times acting within the scope of their agency and employment, and/or their actions were expressly authorized or ratified by Defendants.

57. Defendants failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

58. Defendants failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the ADAAA.

59. As shown by the foregoing, as a result of his termination, Plaintiff suffered intentional discrimination at the hands of Defendants in violation of the ADAAA.

60. As a direct and proximate result of Defendants actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

61. As a further direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

62. Defendants' conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter them and other entities from similar conduct in the future.

63. Pursuant to the provisions of ADAAA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendants.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT II
**Violation under 42 U.S.C. §§ 12101 *et seq*.**
**ADAAA RETALIATION**

73. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all of the above numbered paragraphs.

74. Plaintiff engaged in protected activities under the ADAAA by requesting reasonable accommodations from Defendants for his disabilities in the form of requesting time off from work and/or to seek medical treatment, sitting for 50% of his job duties and limited weight to 20 pounds.

75. Plaintiff's requests for reasonable accommodations are each a "protected activity" under the ADAAA.

76. As a result of Plaintiff's above-referenced protected activities, Defendants took adverse actions against him, including but not limited to, treating Plaintiff less favorably than his non-disabled coworkers" and ultimately, terminating Plaintiff's employment altogether.

77. Plaintiff's request for reasonable accommodation(s) was at least a motivating or determining factor in Defendant's decision to take adverse actions against Plaintiff, including but not limited to, terminating Plaintiff's employment.

78. As mentioned herein, the above-described perpetrators were agents, servants and employees of Defendants, and were at all such times acting within the scope of their agency and employment, and/or their actions were expressly authorized or ratified by Defendants.

79. Defendants failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

80. Defendants failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the ADAAA.

81. As shown by the foregoing, as a result of his termination, Plaintiff suffered intentional discrimination at the hands of Defendants in violation of the ADAAA.

82. As a direct and proximate result of Defendants actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

83. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

84. Defendants' conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including Plaintiff, thus justifying an award

of punitive damages in an amount sufficient to punish Defendants or to deter them and other entities from similar conduct in the future.

85. Pursuant to the provisions of ADAAA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

**COUNT III**
**Violation under 42 U.S.C. §§ 12101 *et seq.***
**ADAAA Disability Discrimination**
**Failure to Accommodate**

86. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

87. At all relevant items, Plaintiff suffered from serious medical conditions, including persistent leg pain and radiculopathy

88. At all relevant times, Plaintiff was an individual with a disability pursuant to the ADAAA because each of these conditions is a physical impairment which substantially limits one or more of Plaintiff's major life activities and/or major bodily functions.

89. At all relevant times, Plaintiff was a qualified individual pursuant to the ADAAA because he could perform the essential functions of his job with or without reasonable accommodation.

73. Rather than provide Plaintiff a reasonable accommodation(s) for his disabilities, including but not limited to, time off from work and/or to seek medical treatment, sitting for 50% of his job duties and limited weight to 20 pounds, Defendant terminated Plaintiff's employment a second time.

74. Allowing Plaintiff, the above-referenced accommodation(s), without reprisal, would not have been an undue burden for Defendant.

75. Defendant refused to engage in the interactive process with Plaintiff to determine reasonable accommodation for his disabilities.

76. In refusing to allow Plaintiff the aforementioned reasonable accommodation(s), without reprisal, Defendant failed to accommodate Plaintiff.

77. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant.

78. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

79. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the ADAAA.

80. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

81. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

82. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other entities from similar conduct in the future.

83. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

84. Pursuant to the provisions of the ADAAA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages, including but not limited to lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to injunctive relief; for reasonable costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

**COUNT IV**
**Public Policy Exception to the At-Will Employment Doctrine**
**Retaliation in Response to Exercising Compensation Rights under K.S.A. §§ 44-501 *et seq*.**
**Wrongful Discharge**

85. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

86. Public policy clearly encourages employees to report workplace injuries and/or file workers' compensation claims for injuries by accident, arising out of and in the course of the employee's employment. *See* K.S.A. §§ 44-501 *et seq*.

87. Public policy also clearly discourages an employer or agent of the employer from discharging or discriminating against any employee for exercising their rights under the Workers' Compensation Law. *See* K.S.A. §§ 44-501 *et seq*.

88. In reporting his workplace injuries, requesting medical treatment for his workplace injuries, and/or filing workers' compensation claims against Defendant, Plaintiff exercised his statutory rights under the Kansas Workers' Compensation Law.

89. After Plaintiff reported each of his workplace injuries, Defendant subjected him to multiple adverse actions, including but not limited to, assigning Plaintiff less undesirable job duties, treating Plaintiff less favorably than co-workers who did not exercise their workers' compensation rights and ultimately, terminating Plaintiff's employment altogether.

90. There was a causal connection between Plaintiff's exercise of his workers' compensation rights and the aforementioned adverse actions, including Defendant's decision to terminate Plaintiff altogether.

91. As a result of Defendant's actions, Plaintiff is now suffering and will continue to suffer: monetary damages, loss of wages, loss of benefits, loss of opportunity, and damages from garden variety emotional distress; all in an amount yet to be determined.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages including, but not limited to: back-pay, lost benefits, front-pay, injunctive relief, compensatory damages, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

**Demand for Bench Trial and Designation of Place of Trial**

Plaintiff requests a bench trial in Kansas City, Kansas, on all counts and allegations of wrongful conduct alleged in this Complaint.

Respectfully Submitted,

**CORNERSTONE LAW FIRM**

By: *_/s/ Drew Russell_*

Ryan M. Paulus D. Kan. #78272
r.paulus@cornerstonefirm.com
Drew M. Russell D. Kan #79133
d.russell@cornerstonefirm.com
5821 NW 72nd Street
Kansas City, Missouri 64151
Telephone (816) 581-4040
Facsimile (816) 741-8889

**ATTORNEYS FOR PLAINTIFF**